# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## Washington, DC

## UNITED STATES

### v.

## Richard D. COCKROFT
## Health Services Technician Third Class, U.S. Coast Guard

## CGCMS 24204

## Docket No.  1142

## 14 March 2001

Special Court-Martial convened by Commanding Officer, Coast Guard Training Center Petaluma.  Tried at Alameda, California on 2-3 February 2000.

| | |
|---|---|
| Military Judge: | CDR Gregory Shelton, USCG |
| Trial Counsel: | LTJG Lisa Houlihan, USCGR |
| Assistant Trial Counsel | LTJG Rachael Brallier, USCGR |
| Detailed Defense Counsel | LT Eric Osterhues, JAGC, USNR |
| Appellate Defense Counsel: | CDR Jeffrey C. Good, USCG |
| Appellate Government Counsel: | CDR Chris P. Reilly, USCG |

## BEFORE
## PANEL SIX
## BAUM, WESTON[*], AND CASSELS
Appellate Military Judges

Per Curiam:

Appellant was tried by a special court-martial before a military judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, he was convicted of a variety of offenses involving his mistreatment of females at the Coast Guard health clinic and actions to conceal his behavior: eight specifications of dereliction of duty by failing to follow proper procedures with the women; two specifications of violating a lawful general order; three specifications of making a false official statement; one specification of assault consummated by a battery; and five specifications of indecent assault, in violation of Articles 92, 107, 128, and 134 of the Uniform Code of Military Justice respectively.  Appellant was sentenced to confinement for 6 months, a bad-conduct discharge and reduction to pay grade E-1, which was within the terms of the pretrial agreement, and, as such, was approved by the convening authority.

---

[*] Judge Weston did not participate in this decision.

Before this Court, Appellant has assigned one error, that there is no evidence that the convening authority considered all of the clemency materials submitted to him. Appellant's argument is based on the fact that some fifty-five pages of clemency materials, that the convening authority was advised to initial, bore no such initials. This Court subsequently granted a motion by the Government to attach an affidavit by the convening authority, in which the convening authority states that he personally reviewed and considered all of the pages of each of the clemency materials submitted by the Appellant. For this reason, Appellant's assignment of error is rejected.

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, we have determined that the findings and sentence are correct in law and fact, and on the basis of the entire record should be approved. Accordingly, the findings and sentence, as approved below, are affirmed.



For the Court,

//s//
James P. Magner
Clerk of the Court